UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 04-cr-00429-MSK
Civil Action No. 08-cv-00455-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RAMON MARTINEZ,
a/ka Edi Burciago-Orosco,

       Defendant.

---

**ORDER ON MOTIONS, AND APPOINTING
COUNSEL UNDER THE CRIMINAL JUSTICE ACT**

---

THIS MATTER comes before the Court on several motions and supporting documents **(#187, #188, #189, #190, #191)** filed by the Defendant. The Government has responded **(#194, #199)** to some of the motions, and the Defendant has filed documents in reply **(#200, #201).**[1] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of addressing the instant motions, the Court exercises subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 2255.

### II. Application to Proceed Without Prepayment of Fees (#189)

The Defendant has filed a motion seeking leave to proceed *in forma pauperis* without

---

[1] Because the Defendant has prepared these filings on his own, the Court liberally construes them in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

prepayment of the filing fee under 28 U.S.C. § 1915. Such motion is unnecessary. There is no filing fee required of a movant under 28 U.S.C. § 2255. *See* Rule 3 of the Rules Governing Section 2255 Proceedings, Advisory Committee Notes. Thus, the motion is denied.

### III. Motion for Return of Property (#191)

The Defendant moves for the return of a vehicle and other property that was seized during his arrest in New Mexico. He requests such relief under Fed. R. Crim. P. 41(g), but alternatively seeks a writ of mandamus.[2] The Government responds that this motion should be denied for three reasons: (1) because Rule 41(g) requires that a motion for the return of property be filed in the district where the property was seized, (2) because the property was properly forfeited in a civil forfeiture action, and (3) because the property has already been destroyed.

The Court does not need to determine whether the Government has a duty to return the property to the Defendant. Under Rule 41(g), a motion for the return of property must be filed in the district where the property was seized. The property which is the subject of the Defendant's motion was seized in New Mexico. Thus, the Court denies the Defendant's motion for lack of proper venue.

### IV. Motion Under 28 U.S.C. § 2255 (#187)

The Defendant moves to vacate his sentence pursuant to 28 U.S.C. § 2255. He asserts two primary grounds for doing so: (1) the alleged ineffective assistance of trial and appellate counsel; and (2) alleged prosecutorial misconduct. He asks counsel be appointed to represent him in conjunction with this motion, and specifically asks that it not be someone from the

---

[2] Presumably, the request for a writ of mandamus is asserted under 28 U.S.C. § 1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Federal Public Defender's Office. He also asks for a hearing. The Government opposes the Defendant's motion, and asks that it be denied without a hearing.

The Defendant has pointed to numerous ways in which he believes his trial counsel was ineffective, *i.e.*, for failing to call crucial witnesses at trial, for failing to conduct a complete investigation before trial, for failing to adequately cross-examine witnesses, etc. He also argues that his appellate counsel was ineffective for failing to present various challenges to his conviction and sentence on direct appeal. Some of these challenges do not require a hearing; others may. In the interest of justice, the Court will appoint conflict-free counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).

### V. Other Requests

In his letter filed April 23, 2008, the Defendant asks for a complete copy of the docket sheet for Criminal Action No. 04-cr-00429-MSK. Such request is granted.

He also asks for copies of his trial transcripts. Such request is denied, without prejudice. Transcripts were previously prepared at defense counsel's request in conjunction with the Defendant's appeal. When new counsel is appointed, he or she may determine what transcripts are needed and make an appropriate request if the transcripts are not obtained from the Defendant's prior counsel.

    **IT IS THEREFORE ORDERED** that:

(1) The Application to Proceed Without Prepayment of Fees **(#189)** is **DENIED.**

(2) The Motion for Return of Property **(#191)** is **DENIED**.

(3) Counsel shall be appointed for the Defendant pursuant to the Criminal Justice Act. Within 30 days of such appointment, counsel shall file a supplemental brief

with the Court which specifically identifies which, if any, of the Defendant's claims of ineffective assistance of counsel and prosecutorial misconduct should be determined by the Court, whether an evidentiary hearing is required and how long should be allotted for such hearing.

(4) The Clerk of Court shall mail to the Defendant a complete copy of the docket sheet for Criminal Action No. 04-cr-00429-MSK.

Dated this 19th day of May, 2008

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge